# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BRITTMARIE HARWE, JANET LEVY,    :
    :
    :
    Plaintiffs,    :
    :
v.    :    No. 3:09cv1027 (MRK)
    :
RONALD FLOYD,    :
    :
    Defendant.    :

## RULING AND ORDER

Pending before the Court is Plaintiffs' Motion for Extension of Time to File Notice of Appeal [doc. # 55]. On February 17, 2011, the Court issued an interlocutory order, *see* Memorandum of Decision [doc. # 51], granting in part and denying in part Defendant's Motion for Summary Judgment [doc. # 41]. On March 18, 2011, Defendant filed a Notice of Appeal [doc. # 53], as to the portion of the Court's order rejecting Defendant's qualified immunity defense to Plaintiffs' excessive force claim. *See Morin v. Tormey*, 626 F.3d 40, 43 (2d Cir. 2010) (recognizing that a district court's denial of a qualified-immunity-based motion for summary judgment is immediately appealable to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely on the resolution of questions of fact). Plaintiffs now wish to cross-appeal the portion of the Court's interlocutory order granting summary judgment in Defendant's favor on Plaintiffs' scope and duration claim.

Plaintiffs' motion seeks additional time to file a notice of appeal in the Second Circuit. But as Plaintiffs candidly recognize, the portion of the Court's order which they wish to appeal is not immediately appealable, and thus, Plaintiffs must seek this Court's permission before filing

an appeal from that portion of the order. *See* 28 U.S.C. § 1292(b); *Casey v. Long Island Railroad Co.*, 406 F.3d 142 (2d Cir. 2005). Should this Court grant Plaintiffs permission to file an interlocutory appeal, Plaintiffs would then have to file a petition for permission to appeal in the Second Circuit, and the Second Circuit would have the discretion to decide whether to allow their appeal or not. *See* Fed. R. App. P. 5(a)(1).

Plaintiffs' motion is premised on the mistaken belief that their time to file a petition for permission to appeal in the Second Circuit is controlled by Rule 4 of the *Federal Rules of Appellate Procedure*. Rule 4 regulates the time for a party to file a notice of appeal as required under Rule 3 when that party may appeal as of right. Again, as Plaintiffs recognize, their proposed appeal is not an appeal that they are permitted to bring by law as of right. A different rule – Rule 5 – regulates the time for a party to file a petition for permission to appeal.

Rule 5 provides that a petition for permission to appeal "must be filed [in the Court of Appeals] within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal." Fed. R. App. P. 5(a)(2). The only statute this Court is aware of that would permit Plaintiffs' proposed appeal is, again, 28 U.S.C. § 1292(b), which specifies that a petition for permission to appeal must be filed within ten days after a district court's order permitting the appeal to be taken. Thus, Rule 4(a)(3), which Plaintiffs cite in their motion as the provision that governs the time for them to file in the Second Circuit, simply does not apply here.

Plaintiffs' Motion for Extension of Time to File Notice of Appeal [doc. # 55] is therefore DENIED. There is no fixed time period for seeking permission to appeal from a district court's interlocutory order pursuant to § 1292(b), but other district courts have required that certification to appeal be sought within a reasonable period of time. *See, e.g.*, *Century Pacific, Inc. v. Hilton*

*Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (recognizing that delay in seeking an interlocutory appeal must be reasonable). The Court believes that it would be reasonable for Plaintiffs to seek certification to appeal from this Court by April 15, 2011, and orders them to file a motion seeking certification to appeal – if at all – no later than April 15, 2011.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: March 31, 2011.**